UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ADAM D. SUELFLOW, No. 7-07-12045 ML

Debtor.

_____

ADAM D. SUELFLOW,

Plaintiff,

v. Adversary No. 08-1023 M

AMBANK,

Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS MATTER is before the Court on the Plaintiff's Motion for Judgment on the Pleadings ("Motion"). Plaintiff requests the Court to enter judgment against Defendant Ambank in accordance with Rule 12(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7012, Fed.R.Bankr.P., based on Defendant's admission of the allegations contained in paragraphs 1 through 6 of Plaintiff's Complaint to Avoid Judicial Lien as Preferential Transfer ("Complaint").

The Complaint seeks to set aside and avoid in its entirety as a preferential transfer pursuant to 11 U.S.C. § 547 a transcript of judgment recorded by Ambank during the ninety-day period preceding the petition date. Defendant opposes the Motion based on lack of standing, arguing that before Plaintiff may proceed under 11 U.S.C. § 547, Plaintiff must demonstrate he

1

could have exempted the property which is the subject of the alleged preference.[1]  This Court agrees and will, therefore, deny the Motion.

DISCUSSION

Judgment on the pleadings is governed by Rule 12(c), Fed.R.Civ.P., which provides, in relevant part:  "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Rule 12(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7012, Fed.R.Bankr.P.  The Motion, which is based solely upon the Complaint and Defendant's answer thereto, asserts that Defendant has conceded that a preferential transfer occurred within the meaning of 11 U.S.C. § 547 and requests the Court to enter judgment on the pleadings.   The Complaint seeks to avoid Defendant's transcript of judgment pursuant to 11 U.S.C. § 547(b).[2]

---

[1] The New Mexico homestead exemption statute, N.M.S.A. 1978 § 42-10-9, was amended to increase the exemption amount from $30,000.00 to $60,000.00, effective June 15, 2007.  N.M.S.A. 1978 § 42-10-9 (Cum. Supp. 2007).  Defendant asserts that Plaintiff is not entitled to the $60,000.00 New Mexico homestead exemption amount in effect when Plaintiff filed his bankruptcy petition, but is limited to the $30,000.00 homestead exemption amount in effect as of the time Defendant recorded its transcript of judgment.  Under the lesser homestead exemption amount, the property is not fully-exempt, and Plaintiff would not, therefore, be entitled to avoid Defendant's judicial lien in its entirety.  Because the Court finds that Plaintiff cannot proceed under 11 U.S.C. § 547 to avoid the Defendant's judicial lien without first showing that the property would otherwise be exempt, and because Plaintiff's Complaint does not make any allegations as to Plaintiff's exemption rights, the Court need not now determine which exemption amount applies in deciding the instant Motion.

[2] Section 547(b) provides:
Except as provided in subsections (c) and (I) of this section, the trustee may avoid any transfer of an interest of the debtor in property --
> (1) to or for the benefit of a creditor;
> (2) for or on account of antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made--
>> (A) on or within 90 days before the date of the filing of the petition; or
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if --
>> (A) the case were a case under chapter 7 of this title;
>> (B) the transfer had not been made; and
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.   11 U.S.C. § 547(b).

2

Defendant correctly points out that 11 U.S.C. § 547(b) expressly confers power only on the bankruptcy trustee to recover preferential transfers. *See* 11 U.S.C. § 547(b) ( "the *trustee* may avoid . . .")(emphasis added). Courts considering a chapter 7 debtor's standing to pursue a preferential transfer action under 11 U.S.C. § 547(b) uniformly conclude that a chapter 7 debtor may proceed under 11 U.S.C. § 547(b) only in conjunction with the debtor's exemption enforcement powers under 11 U.S.C. § 522(h).[3]

The allegations in the Complaint track the statutory elements necessary to a claim for preferential transfer, but do not state that the Plaintiff could have claimed an exemption in the property which is the subject of the alleged preference. Plaintiff's entitlement to an exemption in the property is a pre-requisite to standing under 11 U.S.C. § 547. Therefore, despite Defendant's admission of the preferential transfer elements alleged in the Complaint, Plaintiff is not entitled to judgment on the pleadings.

---

[3] *See, e.g., In re James,* 257 B.R. 673, 675 (8th Cir. BAP 2001)(stating that generally only the trustee may bring avoidance action under § 547, but that debtor has standing where the transferred property would have been exempt)(citing 11 U.S.C. § 522(g)-(h) remaining citation omitted)); *In re White,* 258 B.R. 129, 131-32 (Bankr.D.N.J. 2001)(stating that § 547(b) confers standing on only on the bankruptcy trustee and that § 522(h) confers standing on the debtor to invoke the trustee's avoidance powers under § 547(b))(citations omitted); *Humphrey v. Herridge (In re Humphrey),* 165 B.R. 578, 579-580 (Bankr.D.Md. 1993)(stating that "[t]he statutory framework for the debtors' standing to bring a preference action is provided by Sections 522(h), 522(g)(1), and 547(b) of the Bankruptcy Code[ ]" and denying debtors' motion for summary judgment where the debtors did not claim that the preference impaired an exemption to which they would have been entitled).

*See also, In re Ealy,* 355 B.R. 685, 687 (Bankr.N.D.Ill. 2006)("While the general rule is that the trustee is the representative of the estate who may seek to recover a preferential transfer, a Chapter 7 debtor may assert the trustee's power to avoid a preferential transfer if four conditions are met: (1) the trustee does not seek to avoid the transfer; (2) the transfer the debtor wants to set aside was involuntary ant not concealed by the debtor; (3) the trustee could have avoided the transfer under § 547; and (4) the property the debtor seeks to recover is exempt.")(citation omitted). *Cf., In re Montoya,* 285 B.R. 490, 493 (Bankr.D.N.M. 2002) (stating that "a Chapter 13 debtor generally will not have standing to bring avoidance actions unless the debtor otherwise qualifies under 11 U.S.C. § 522(h) . . . " and concluding that chapter 13 debtor lacked standing to bring avoidance action under 11 U.S.C. § 548 where there was no indication that the property at issue would otherwise be exempt).

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

/s/ Mark B. McFeeley
_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: July 28, 2008

COPY TO:

R. Trey Arvizu, III
Attorney for Plaintiff
PO Box 1479
Las Cruces, NM 88004

William Perkins
Attorney for Defendant
650 East Montana Suite E
Las Cruces, NM 88001

4