UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ADAM D. SUELFLOW,                                    No. 7-07-12045 ML

    Debtor.

_____

ADAM D. SUELFLOW,

    Plaintiff,

v.                                                          Adversary No. 08-1023 M

AMBANK,

    Defendant.


## **MEMORANDUM OPINION**

THIS MATTER is before the Court on the Motion for Summary Judgment filed by Plaintiff Adam D. Suelflow, by and through his attorney, R. Trey Arvizu III. The Motion for Summary Judgment requests the Court grant summary judgment in favor of Plaintiff and find as a matter of law that Plaintiff is entitled to claim a homestead exemption in the amount of $50,000.00 and avoid Defendant AmBank's transcript of judgment as a preferential transfer under 11 U.S.C. § 547. AmBank opposes the Motion for Summary Judgment, asserting that its lien attached to the Plaintiff's real property at a time when the applicable New Mexico homestead exemption was limited to $30,000.00 so that Plaintiff may avoid the lien only to the extent of $30,000.00. Because the Court finds as a matter of law that Plaintiff is entitled to claim the homestead exemption amount available under applicable New Mexico law as of the date of the filing of the bankruptcy petition, the Court will grant Plaintiff's Motion for Summary Judgment.

1

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. , made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. The movant bears the burden of showing an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *In re Hentges,* 373 B.R. 709, 715 (Bankr.N.D.Okla. 2007)(citations omitted). Here, the operable facts are undisputed.[1] Thus whether Plaintiff is entitled to summary judgment depends upon the Court's interpretation of the applicable law. *See In re Hiseman,* 330 B.R. 251, 255 (Bankr.D.Utah 2005)(stating that when "'no issue of fact remains to be determined, the court has the power to decide the questions of law and enter summary judgment thereon.'")(quoting *Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Services,* 165 F.3d 1321, 1326 (10th Cir. 1999)).

---

[1]The following facts necessary to the determination of the issue before the Court are undisputed:
    1. On May 31, 2007, AmBank recorded a transcript of judgment in the office of the County Clerk of Grant County, New Mexico against all real property owned by Plaintiff.
    2. Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 27, 2007 as Case No. 7-07-12045 ML.
    3. Plaintiff listed his primary residence located in San Lorenzo, New Mexico, valued at $50,000.00 on Schedule A.
    4. On Schedule C, Plaintiff claimed an exemption in his primary residence in the amount of $50,000.00 pursuant to N.M.S.A. 1978 § 42-10-9.
    5. AmBank did not object to Plaintiff's claim of exemption in the amount of $50,000.00 reported on Schedule C.
    6. The Chapter 7 trustee filed a Report of No Distribution on November 29, 2007, and has not filed an avoidance action seeking to set aside AmBank's transcript of judgment.
    7. The recording of AmBank's transcript of judgment occurred within ninety days of the date of the filing of the petition and converted AmBank's unsecured claim into a secured claim, enabling AmBank to receive more than it would have received had the transcript of judgment not been recorded.

DISCUSSION

Plaintiff seeks to avoid AmBank's transcript of judgment as a preferential transfer under 11 U.S.C. § 547(b). This Court previously denied Plaintiff's request for judgment on the pleadings, holding that a Chapter 7 debtor may bring an avoidance action under 11 U.S.C. § 547 only in conjunction with the debtor's exemption enforcement powers under 11 U.S.C. § 522(h). *See* Order Denying Plaintiff's Motion for Judgment on the Pleadings (Docket # 12). To proceed under 11 U.S.C. § 547, a Chapter 7 debtor must demonstrate the following: (1) that the trustee has not sought to avoid the transfer; (2) the transfer at issue was involuntary and not concealed by the debtor; (3) the trustee could have avoided the transfer under 11 U.S.C. § 547; and (4) the property the debtor seeks to recover is exempt property. *In re Ealy,* 355 B.R. 685, 687 (Bankr.N.D.Ill. 2006)(citation omitted).

AmBank concedes that the trustee has not sought to avoid the transfer, that the transfer at issue was involuntary, and that the Plaintiff did not conceal the transfer. Thus the first two requirements under *Ealy* are not contested. AmBank takes issue with the third and fourth requirements under *Ealy*, asserting that the property the Plaintiff seeks to recover is not fully exempt, and that the transfer cannot be avoided in its entirety under 11 U.S.C. § 547. Plaintiff's entitlement to an exemption in the property is subject to 11 U.S.C. § 522(f). Section 522(f) provides, in relevant part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
>     (A) a judicial lien . . .

11 U.S.C. § 522(f).

3

Transcripts of judgment are judicial liens subject to the avoidance provisions of 11 U.S.C. § 522(f). *In re Gregory Rockhouse Ranch,* 380 B.R. 258, 262 (Bankr.D.N.M. 2007)(citation omitted). Impairment is determined under 11 U.S.C. § 522(f)(2)(A).[2] Central to the issue before the Court is the increase in the homestead exemption statute which became effective shortly before the Plaintiff filed his bankruptcy petition.

Prior to the effective date of the amendment to N.M.S.A. 1978 § 42-10-9, the New Mexico homestead exemption was capped at $30,000.00 per person.[3] That section was amended effective June 15, 2007 to increase the exemption amount to $60,000.00.[4] Plaintiff

---

[2] Section 522(f)(2)(A) provides:
> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of --
>     (I)   the lien;
>     (ii) all other liens on the property; and
>     (iii) the amount of the exemption that the debtor could claim if there were
>         no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
>
> 11 U.S.C. § 522(f)(2)(A).

[3] *See* N.M.S.A. 1978 § 42-10-9 (1993) (providing that "[e]ach person shall have exempt a homestead in a dwelling house and land occupied by him . . . . of thirty thousand dollars . . .").

[4] N.M.S.A. 1978 § 42-10-9 (Cum. Supp. 2007) provides:
> Each person shall have exempt a homestead in a dwelling house and land occupied by the person or in a dwelling house occupied by the person although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption. Such a person has a homestead of sixty thousand dollars ($60,000) exempt from attachment, execution or foreclosure by a judgment creditor and from any proceeding of receivers or trustees in insolvency proceedings and from executors or administrators in probate. If the homestead is owned jointly by two person, each joint owner is entitled to an exemption of sixty thousand dollars ($60,000).

*See also,* comment to N.M.S.A. 1978 § 42-10-9 (Cum. Supp. 2007) (**The 2007 amendment,** effective June 15, 2007, increases the homestead exemption from $30,000 to

4

filed a voluntary petition under Chapter 7 of the bankruptcy code on August 27, 2007; thus, the increased homestead exemption amount was in effect as of the petition date. AmBank recorded its transcript of judgment in May of 2007, before the effective date of the amendment, but within the ninety day preference period preceding the petition date.[5] Plaintiff claimed a homestead exemption in the amount of $50,000.00 on Schedule C, relying on the increased homestead exemption amount provided by N.M.S.A. 1978 § 42-10-9 (Cum. Supp. 2007).

Plaintiff argues that AmBank's failure to object to his claimed exemption in his bankruptcy statements and schedules establishes the exemption amount at $50,000.00, citing Rule 4003(b), Fed.R.Bankr.P.[6] and *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).[7] AmBank counters that its rights against the property were established as of the time its transcript of judgment was recorded, citing *Ranchers State Bank of Belen v.*

---

$60,000).

[5]*See* 11 U.S.C. § 547(b)(4)(A) (". . . the trustee may avoid any transfer of an interest of the debtor in property . . . . made . . . on or within 90 days before the date of the filing of the petition[.]").

[6]Rule 4003(b) provides, in relevant part:
> [A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded . . .

> Rule 4003(b)(1), Fed.R.Bankr.P.

[7]In *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643-44 (1992) the Supreme Court found that the trustee's failure to object to a debtor's claimed exemption within the thirty-day time period provided under Rule 4003(b), Fed.R.Civ.P. is an absolute bar to the trustee's ability to contest the exemption, whether or not the debtor had a colorable statutory basis for claiming the exemption. *But see In re Moe,* 179 B.R. 654, 655 (Bankr.D.Mont. 1995) (stating that "'exemption by default' as is allowed in *Taylor* does not apply to lien avoidance motions.").

5

*Vega,* 99 N.M. 42, 653 P.3d 873 (1982).[8]  Plaintiff's argument misses the mark inasmuch as it sidesteps the central issue of whether the Bankruptcy Code preempts limitations otherwise imposed on a debtor's exemption rights under state law.  Because the Court finds that the Bankruptcy Code preempts state law by providing that a debtor may exempt "any property that is exempt under . . . State or local law *that is applicable on the date of the filing of the petition,*" 11 U.S.C. § 522(b)(3) (emphasis added), and "avoid the fixing of a [judicial] lien. . . to the extent that such lien impairs an exemption *to which the debtor would have been entitled,*" 11 U.S.C. § 522(f)(1)(emphasis added), Plaintiff is nevertheless entitled to summary judgment as a matter of law.

In *In re Morinia,* Case No. 11-07-12803 SA (Bankr.D.N.M. August 13, 2008), Judge Starzynski recently addressed the same issue within the context of a Chapter 11 proceeding: namely, whether a debtor's right to claim a larger homestead exemption otherwise permitted by the New Mexico statute in effect as of the petition date is limited by virtue of a pre-existing judicial lien recorded against the real property in which the exemption is claimed.    In deciding that the debtor was entitled to claim the greater homestead exemption in effect as of the date of the petition, the Court noted that bankruptcy law preempts state law in determining what liens are avoidable in bankruptcy.  *See Morinia,* Case No. 11-07-12803 SA, p.5 (citing *In re Strother,* 328 B.R. 818, 821 (10th Cir. BAP 2005) and *In re Cisneros,* 257 B.R. 332, 338

---

[8]In *Ranchers State Bank of Belen v. Vega,* 99 N.M. 42, 44, 653 P.2d 873, 875 (1982), the New Mexico Supreme Court held that "the statute creating the homestead exemption which was in force at the time the judgment lien attached governs the amount of the exemption."  Thus, under *Vega,* a legislative increase in the amount of the homestead exemption may not be claimed against a judgment lien that attached before the effective date of the statutory amendment.  *Id.*

6

(Bankr.D.N.M. 2000)).[9]

The Court reasoned further that because the threshold question under 11 U.S.C. § 522(f) is "'not whether the [judicial] lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he **would have been entitled** but for the lien itself,'" a debtor can avoid a judicial lien on property claimed as exempt even when state law otherwise limits the circumstances under which the property may be exempt. *Morinia,* Case No. 11-07-12803 SA, p. 8 (quoting *Owen v. Owen,* 500 U.S. 305, 310-11, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)(emphasis in original)). This Court agrees.

In the instant case, if AmBank's transcript of judgment had not been recorded against the Plaintiff's real property, Plaintiff would have been able to claim a homestead exemption of up to $60,000.00 in accordance with the exemption statute in effect as of the date of the petition. New Mexico case law which otherwise limits Plaintiff's homestead exemption to the amount provided by the statute in effect at the time AmBank's judgment lien attached has no application under 11 U.S.C. § 522(f). This result occurs because 11 U.S.C. § 522(f)(2)(A)(iii) directs the Court to consider "the amount of the exemption that the debtor could claim if there were no liens on the property" in order to determine the extent of the impairment. 11 U.S.C. § 522(f)(2)(A)(iii). *See Owen v. Owen,* 500 U.S. at 311 (noting that § 522(f) "denotes a state of affairs that is conceived

---

[9]*See also Aetna Finance Co. v. Leonard (In re Leonard),* 866 F.2d 335, 336 (10th Cir. 1989) ("[A] state may elect to control what property is exempt under state law but federal law determines the availability of the lien avoidance provision."); *In re Coats,* 232 B.R. 209, 213 (10th Cir. BAP 1999)("[W]hile federal law permits states to define what property is exempt, federal law governs the availability of lien avoidance, and preempts any state law that limits the scope of its exemptions in a way that would interfere with the 'fresh start' policy served by the avoidance of certain types of liens under § 522(f).")(citing *In re Richardson,* 224 B.R. 804, 808 (Bankr.N.D.Okla. 1998)(remaining citations omitted)).

7

or hypothetical, rather than actual . . ."); *Morinia,* Case No. 11-07-12803 SA, pp. 8-9.

Finally, AmBank argues that the judicial lien cannot be avoided in its entirety as a preferential transfer under 11 U.S.C. § 547. AmBank reasons that all other creditors would be subject to the larger homestead exemption amount, so that avoiding its lien only up to the lesser homestead exemption amount would not benefit other creditors. In other words, because the property at issue would be fully exempt as to other creditors, partial avoidance of the lien as to AmBank would not result in any additional distribution of property to other creditors. This argument overlooks the fact that by filing the transcript of judgment, AmBank converted its unsecured claim into a secured claim which enabled it to receive more that it would have received if the transfer had not been made. 11 U.S.C. § 547(b)(5). The fact that other creditors would receive the same distribution even if AmBank's lien were not avoided in its entirety is not relevant. And because 11 U.S.C. § 522(f) operates to allow the Plaintiff to claim the exemption amount he would have been entitled to as of the petition date, AmBank's transcript of judgment can be avoided to the extent it impairs Plaintiff's $50,000.00 homestead exemption as claimed on his Schedule C.

WHEREFORE, IT IS HEREBY ORDERED that the Motion for Summary Judgment is GRANTED. A judgment avoiding the transcript of judgment will be entered accordingly.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: October 10, 2008

COPY TO:

R. "Trey" Arvizu III
Attorney for Plaintiff
PO box 1479
Las Cruces, NM 88004

William Perkins
Attorney for AmBank
PO Box 1289
Silver City, NM 88062


J:\OPINIONS\SuelflowMem.wpd